**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO J. VILLANUEVA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-06712 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND, AND VACATING CASE MANAGEMENT CONFERENCE** |

On March 27, 2012, Defendants filed a motion to dismiss the Complaint, which is now noticed for hearing on June 1, 2012, at 9:00 a.m. On April 12, 2012, Plaintiffs, who are proceeding *pro se* filed a document, which the Court shall liberally construe as an opposition to Defendants' motion. Defendants have not filed a reply. The matter is now ripe for resolution, and having considered Defendants' motion, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth in the remainder of this Order, the Court HEREBY GRANTS Defendants' motion, GRANTS Plaintiffs one *final* opportunity to amend, and VACATES the case management conference scheduled for May 11, 2012 at 1:30 p.m.

On December 29, 2011, Plaintiffs filed the Complaint in this action. (Docket No. 1.) Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. On a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). In addition, the Court

must construe *pro se* filings liberally. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Plaintiffs make passing references to various statutes, presumably to show that this Court has jurisdiction or to articulate the legal theories under which they seek relief. It appears, based on the named defendants, the attachment of a Deed of Trust, and reference to a "fraudulent mortgage document," that Plaintiffs may seek to challenge a foreclosure. However, Plaintiffs' Complaint, and their opposition to this motion, are largely incomprehensible, and it is impossible to discern any of the essential details of the events that triggered the lawsuit. As such the Court cannot discern the nature of the federal question involved, if any, or whether Plaintiffs can demonstrate that there is complete diversity, meaning that the parties are citizens of different states, and that the amount at issue exceeds $75,000.

In sum, Plaintiffs have failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Therefore, the Court GRANTS Defendants' motion to dismiss. A court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). Because the Court cannot say with certainty that there is no basis on which Plaintiffs could state a claim, it shall GRANT Plaintiffs **one final opportunity** to file a complaint in compliance with Rule 8 and which clearly sets forth the basis for this Court's jurisdiction, the facts underlying their claims, and the legal theories under which they seek relief.

If Plaintiffs wish to proceed with this action, they must file and serve on Defendants an amended complaint by no later than **June 1, 2012**. Failure to file a cognizable legal claim by this date shall result in dismissal of this action with prejudice without further notice to

**United States District Court**
For the Northern District of California

1  Plaintiffs. The Court HEREBY ADVISES Plaintiffs that a Handbook for Pro Se Litigants,
2  which is available through the Court's website or in the Clerk's office, contains helpful
3  information about proceeding without an attorney. The Court also advises Plaintiffs that they
4  also may wish to seek assistance from the Legal Help Center. Plaintiffs may call the Legal
5  Help Center at 415-782-9000, extension 8657, or sign up on the 15th Floor of the Courthouse,
6  Room 2796, for a
7  free appointment with an attorney who may be able to provide basic legal help, but not legal
8  representation.

**IT IS SO ORDERED.**

Dated: May 4, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VILLANUEVA et al,

    Plaintiff,

v.

COUNTRYWIDE HOME LOANS et al,

    Defendant.

Case Number: CV11-06712 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 4, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Wynn Miller
5166 North 63
Milwaukee, WI 53218

Emilio J. Villanueva
3282 Red Leaf Court
Hayward, CA 94542

Jean H. Villanueva
3282 Red Leaf Court
Hayward, CA 94521

Vera C. H. Villanueva
3282 Red Leaf Court
Hayward, CA 94542

Dated: May 4, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk